# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Kuhn for Congress, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 2:13-cv-3337-PMD |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Federal Election Commission, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of the United States Magistrate Judge. Having reviewed the entire record, including Plaintiff's Objections, the Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

## JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 702, which provides for judicial review when a person claims to have suffered a legal wrong as a result of agency action. Additionally, the Federal Election Campaign Act, 52 U.S.C. §§ 30101–30146, under which the Federal Election Commission ("FEC") fined Plaintiff for its failure to timely file mandatory campaign expenditure reports, provides an avenue for a litigant to request district court review of adverse determinations by the FEC, *id.* § 30109 (a)(4)(C)(iii).

## BACKGROUND

This action arises out of Plaintiff's challenge to the FEC's November 5, 2013 decision to fine Plaintiff $8,800 for the late filing of its April 2013 Quarterly Report. John R. Kuhn, a

licensed attorney who represents Plaintiff Kuhn for Congress ("the Campaign") in this action, was a candidate in the Republican Party's 2013 special election primary for the South Carolina First District House of Representatives seat. Mr. Kuhn lost the special election held on March 19, 2013.

Under 52 U.S.C. § 30104(a)(4)(A), the Campaign's April 2013 quarterly report was due on April 15, 2013. The Campaign failed to timely file the report. On May 3, 2013, the FEC's Assistant Staff Director sent a letter via email to the Campaign's email address, advising it that the report had not been filed by the statutory deadline and that civil penalties may be assessed for failure to timely file the report. Thereafter, the FEC initiated an administrative-fines proceeding against the Campaign for the unfiled report. The FEC ultimately voted that the Campaign had violated 52 U.S.C. § 30104(a) by failing to file the required report. Lacking reported campaign activity, the FEC estimated Plaintiff's fine according to an established formula that considered the Campaign's total receipts and disbursements for the period covered by the unfiled report in determining an adequate fine. The FEC calculated that the appropriate penalty for the reporting violation, based on the formula, was $8,800. On July 24, 2013, the FEC notified the Campaign and its treasurer, Amanda Michelle Perry, by letter of its decision and explained the process for challenging the Commission's decision. After receiving the notification regarding the FEC's determination, Mr. Kuhn contacted FEC staff but the Campaign declined to submit an administrative challenge to the Commission's determination or civil penalty calculation. On August 20, 2013, the Campaign filed the report, and reported campaign activity in excess of the amount estimated by the FEC.[1]

---

[1] The fact that the Commission's regulatory formula underestimated the level of activity did not alter the fine imposed.

On December 2, 2013, Plaintiff filed its original Complaint in this Court. Plaintiff was ordered to bring its case into proper form, and thereafter filed a Supplement, captioned "Petition for Review" ("the Complaint"), on January 6, 2014. On March 28, 2014, the Defendant filed its Motion to Dismiss. Plaintiff filed his Response on April 11, 2014. Defendant filed its Reply on April 21, 2014.[2] On October 8, 2014, the Magistrate Judge recommended that the Defendant's motion be granted. Plaintiff timely filed Objections to the R&R. The R&R is ripe for consideration.

## **STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to the Court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the Court reviews de novo those portions of the R&R that have been specifically objected to, and the Court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Any written objection must specifically identify both the portion of the R&R to which the objection is made and the basis for the objection. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.*

---

[2] Plaintiff filed a Sur-Reply on July 29, 2014. Under the Local Civil Rules, "[r]eplies to responses are discouraged." Local Civ. Rule 7.07 (D.S.C.). Moreover, neither the Federal Rules of Civil Procedure nor the Local Civil Rules permit the filing of a sur-reply without leave of the Court. In the present case, Plaintiff did not seek or obtain leave to file a sur-reply. Accordingly, Plaintiff's Sur-Reply is not properly before the Court and will not be considered in ruling on the R&R. Nevertheless, having reviewed the Sur-Reply, the Court concludes that the arguments contained therein would not alter the Court's analysis or determination of the legal issues presently before the Court.

## ANALYSIS

A district court reviews specific objections to an R&R under a de novo standard. 28 U.S.C. § 636(b). If a party makes only general objections, de novo review is not required. *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D. N.C. 2011), *aff'd*, 502 Fed. Appx. 326 (4th Cir. 2013). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). Similarly, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant de novo review. *Id.*; *Veney v. Astrue*, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008). "Allowing a litigant to obtain *de novo* review of [the] entire case by merely reformatting an earlier brief as an objection 'mak[es] the initial reference to the magistrate useless.'" *Id.*

In its Objections to the R&R, Plaintiff merely restates the arguments originally presented in the Complaint and in its Sur-Reply. In its Objections, which number fourteen pages, Plaintiff does not cite a single case in support of its main arguments, namely, that the FEC's method of notification via email violates due process and that the FEC's method of calculation of the fine is arbitrary. Although the party challenging the agency action bears the burden of proof to show it is entitled to relief, *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 874–75 (1990), the Court conducted an independent inquiry of the relevant case law. Upon the Court's own inquiry, there is no case law which supports Plaintiff's contention that the FEC's actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law," the standard set

out by *Virginia Agricultural Growers Ass'n, Inc. v. Donovan*, 774 F.2d 89, 93 (4th Cir. 1985) (quoting 5 U.S.C. § 706(2)(A),(C)), which the district court is bound to apply.  Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiff's Objections are without merit.

## CONCLUSION

Therefore, for the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**December 15, 2014**
**Charleston, South Carolina**

5